IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR288 |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEN GREEN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Allen Green's motion for clarification (Filing No. 83), motion for transcript (Filing No. 83), motion for appointment of counsel (Filing No. 84), and motion for leave to proceed in forma pauperis (IFP) (Filing No. 85).

**Motion for Clarification**

In his motion for clarification, defendant asks this court to confirm that based on its September 21, 2006, order construing Filing No. 81 as a Petition for Writ of Habeas Corpus pursuant to 21 U.S.C. § 2241, that defendant is not barred from filing a first § 2255 motion. A review of the record indicates that defendant has not filed a § 2255 motion and is therefore not barred from filing a § 2255 motion due to the prohibition against filing successive petitions. However, it is of note that, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

>States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Absent a later triggering date under subsections (2) - (4) above, the one-year period for filing a §2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. Therefore, if defendant does not file his § 2255 motion within the one-year statute of limitations, his motion will be time barred.

### Motion for Transcripts

Next, defendant asks this court to provide him a copy of his trial transcript free of charge. However, defendant did not accompany his motion with any requests for collateral review of his conviction. 28 U.S.C. § 2250 contemplates the filing of a motion for collateral review of a conviction and a motion for leave to proceed in forma pauperis **before** free copies of the record or parts of the record may be furnished to the moving party. Section 2250 states:

>If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

See also Chapman v. U.S. 55 F.3d 390, 390-91 (8th Cir. 1995):

>We held in United States v. Losing, 601 F.2d 351, 352 (8th Cir. 1979) (*per curiam*), that under 28 U.S.C. § 753(f) and under Supreme Court authority

2

"any request for a free transcript prior to the filing of a section 2255 complaint is premature."  We also held that under section 753(b), access to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case.  Id. at 353. The district court correctly held that [the defendant] was not entitled to copies of transcripts at government expense in advance of filing suit.

Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides funds for a transcript if the defendant qualifies. "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  Id.

Therefore, before the court will consider any request for copies, defendant must file a motion seeking collateral relief.

**Motion for Appointment of Counsel**

In his motion for appointment of counsel, defendant asks this court to appoint counsel to assist him in filing his § 2255 motion.  At this stage in the proceedings the court is not inclined to appoint counsel.  However, the motion is subject to reassertion after defendant files his § 2255 motion.  Again, the court reminds defendant that the AEDPA imposes a one-year statute of limitations on the filing of § 2255 motions.

**Motion to Proceed IFP**

Finally, defendant moves this court to allow him to proceed IFP.  This motion is granted as defendant was already given permission to proceed IFP in the September 21, 2006, order by this court (Filing No. 82).

3

IT IS ORDERED:

1.  That Filing No. 83 is granted in part as to defendant's motion for clarification and denied in part as to defendant's request for a copy of his trial transcript;

2.  Defendant's motion for appointment of counsel (Filing No. 84) is denied;

3.  Defendant's motion to proceed IFP (Filing No. 85) is granted.

DATED this 12th day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge