IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:05CR288 |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEN GREEN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 89) and defendant's Supplement regarding § 2255 motion. (Filing No. 92). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> Initial consideration by judge. The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After pleading guilty to Count I of the Indictment charging defendant with knowingly and intentionally distributing cocaine base, i.e. "crack cocaine" in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii), defendant was committed to the custody of the Bureau of Prisons for 120 months followed by five years of supervised release. (Filing No. 67).

In his § 2255 motion defendant alleges two grounds for relief: (1) that defendant entered an unintelligent unknowing guilty plea due to his suffering from mental disease and

or defect at the time the plea was entered and the district court failed to adequately determine his mental state at that time; and (2) that his trial counsel rendered ineffective assistance by inducing petitioner to enter a guilty plea without first determining petitioner's competency to enter such a plea-notwithstanding counsel's knowledge of petitioner's serious history of mental illness. The United States shall respond to defendant's claims by filing a properly supported answer with the court. In addition to any other matters discussed in the answer, the United States shall address whether any of the defendant's § 2255 claims are barred, for example by procedural default, waiver, and/or untimeliness.

IT IS ORDERED:

1. That upon initial review, the court finds that summary dismissal of the defendant's § 2255 motion is not required;

2. That by June 11, 2007, the United States shall answer the defendant's § 2255 motion, supported by a brief;

3. That by July 11, 2007, the defendant may file a reply brief; and

4. The Clerk of Court is directed to send a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 16th day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge