IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR288 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ALLEN GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Application to Proceed in Forma Pauperis (IFP) (Filing No. 90), the defendant's Motions for Appointment of Counsel (Filing Nos. 91 and 100), and the defendant's motion/letter requesting the status of the current case (Filing No. 103). The defendant also filed a medical report dated June 28, 2005, performed by Barbara C. Schuett, M.A.; forensic evaluations dated October 3, 2000, and October 10, 2000, both performed by Mario Scalora, Ph.D., and Louis Martin, M.D.; and an affidavit of Ernest J. Hill, attached to the defendant's Motion for Order on Motion for the Appointment of Counsel. *See* Filing No. 100.

### Motion to Proceed IFP

The defendant moves this court to allow him to proceed IFP. This motion was already granted as defendant was previously given permission to proceed IFP in the September 21, 2006. order by this court (Filing No. 82) and the December 12, 2006, order by this court (Filing No. 86). Thus, this court will deny defendant's motion for leave to proceed IFP as moot.

### Motions for Appointment of Counsel

On March 28, 2007, the defendant filed a Motion for Appointment of Counsel (Filing No. 91). On July 9, 2007, the defendant filed Defendant's Motion for Order on Motion for the Appointment of Counsel (Filing No. 100). The defendant requests that counsel be appointed because the defendant claims he has "mental disease," is "illiterate," and is unable to "draft proper pleadings." *See* Filing Nos. 91 and 100.

Rule 8(c) of the *Rules Governing § 2255 Proceedings for the United States District Courts* provides that appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, is permitted "at any stage of the proceeding if justice so requires." The Criminal Justice Act in turn provides that a court may appoint counsel for any financially eligible person seeking relief under section 2255 when the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2); 28 U.S.C. § 2255. In making the determination to appoint counsel, a court must decide whether the *pro se* litigant has presented a nonfrivolous claim and whether the nature of the litigation will make the appointment of counsel of benefit to the litigant and the court. *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990). Several factors should be considered, including the *pro se* litigant's ability to investigate facts and present claims and the complexity of the factual and legal issues. *Id.* This court does not find the facts of this case are so complex so as to be beyond the defendant's ability to investigate and present his claims. Although, the defendant required assistance in preparing his motions (*See* Filing No. 100, Affidavit of Ernest Hill), the defendant has proven to the court he has the ability to file type-written, lengthy motions, logically arguing his position. Thus, the court finds the defendant is able to present his claims adequately to the court without the assistance of counsel and the appointment of counsel would not benefit the defendant nor the court. Accordingly, the defendant's motions for appointment of counsel will be denied and the defendant's motion/letter requesting the status of the present case will be denied as moot.

THEREFORE, IT IS ORDERED:

1. The defendant's Application to Proceed in Forma Pauperis (Filing No. 90) is denied as moot.

2. The defendant's Motion for Appointment of Counsel (Filing No. 91) and the defendant's Motion for Order on Motion for the Appointment of Counsel (Filing No. 100) are denied.

3. The defendant's motion/letter requesting the status of the current case (Filing No. 103) is denied as moot.

4.      The defendant shall have until December 6, 2007, to file his reply to the government's response to the defendant's Motion to Vacate under 28 U.S.C. § 2255 (Filing No. 89) pursuant to this court's July 23, 2007, order (Filing No. 102).

5.      The Clerk of the Court is directed to send the defendant a copy of this order as his last known address.

DATED this 9th day of November, 2007.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              United States District Judge