IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ALLEN GREEN,  )<br>)<br>Defendant.  )<br>)  | 8:05CR288<br><br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's pro se "Petition Pursuant to 28 U.S.C. § 2241." Filing No. 158. Although the defendant purports to bring an action under § 2241, he seeks relief properly sought in a motion to vacate, set aside or correct a sentence 28 U.S.C. § 2255. A claim attacking the validity of a sentence is properly entertained in a § 2255 petition before the sentencing court; whereas, a claim attacking the execution of that sentence should be brought in a § 2241 petition in the jurisdiction of incarceration. Nichols v. Symmes, 553 F.3d 647, 649 (8th Cir. 2009). The court will construe the motion as a motion under 28 U.S.C. § 2255.

Under the rules, the court is required to perform an initial review of the defendant's § 2255 motion. *See Rules Governing Section 2255 Proceedings for the United States District Courts* 4(b). "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." *Id.*

The defendant seeks a reduction in his sentence pursuant to the Fair Sentencing Act of 2010 ("FSA"), which reduced sentencing disparity between crack cocaine and

powder cocaine offenses, lowering the statutory sentencing ratio from 100:1 to 18:1. *See* [Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010)](). This court previously denied the defendant's motion for a sentence reduction under a retroactive Guidelines amendment that lowered offense levels for crack cocaine offenses. *See* Filing No. 141, Order.

The Eighth Circuit Court of Appeals has determined that the FSA is not retroactively applicable to sentences determined before its enactment. *[United States v. Orr,]() 636 F.3d 944, 957-58 (8th Cir. 2011)*. Green committed his crime and was sentenced before the FSA was enacted. Accordingly, the court finds that it plainly appears from the face of the motion and the prior proceedings that the movant is not entitled to relief.

IT IS ORDERED:

1. The defendant's motion to reduce his sentence (Filing No. 158) is denied.

2. This action is dismissed.

DATED this 13th day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.