IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br> vs.<br><br>ALLEN GREEN<br><br>    Defendant. | **8:05CR288**<br><br><br>**DISMISSAL ORDER** |

   This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 163.  Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion.  See 28 U.S.C. § 2255, Rule 4(b).  The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion.  *Id.*  The rules also provide that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court must dismiss the motion.  *Id.*

   The defendant entered a plea of guilty on December 9, 2005, Filing No. 52, and was sentenced to 120 months.  Judgment, Filing No. 65 and Filing No. 67, March 27, 2006.  He filed a direct appeal, Filing No. 72, which he then had dismissed.  Filing No. 76.  He filed a motion to vacate under 28 U.S.C. § 2225, Filing No. 89, which this court denied in Filing No. 134.  He also filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Filing No. 107, which this court denied. Filing No. 141.  He appealed this order, but it was affirmed by the Eighth Circuit.  Filing No. 149.  He filed a second motion to vacate judgment, Filing No. 158, which this court likewise denied, Filing No. 159.  He then filed a motion for reconsideration, Filing No. 160, and this court denied that motion.  Filing No. 162.  In his § 2255 motion, the defendant argues (1) the government was required to give him notice under 21 U.S.C. § 851 that he might be

considered a career offender, and (2) he again raises the Fair Sentencing Act issues previously raised before this court.

On initial review, the court finds that defendant is entitled to no relief.  Having reviewed Filing No. 163, the court finds that the motion is properly characterized as a successive § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 ( "AEDPA "), Pub. L. No. 104-132, 110 Stat. 1214, imposed procedural requirements on federal prisoners, like the defendant, who wish to file "second or successive" motions to vacate their sentences.   AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application.  Also, 28 U.S.C. § 2255 provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244.

28 U.S.C. § 2255(h) states, in pertinent part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Eighth Circuit has indicated that when, as in this case, a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction.  See *Boykin v. United States*, 2000 WL 1610732 at *1 (8th Cir. 2000).  Under AEDPA, federal prisoners may not file "second or successive" section 2255 motions without an appropriate certification from the circuit court.  See 28 U.S.C. §§ 2255, 2244(b). The rule is absolute.  Prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court.

3

The defendant's second § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255.  Therefore, Filing No. 163, the "Motion to Vacate" is denied.

THEREFORE, IT IS ORDERED that, on initial review, the court finds that summary dismissal is appropriate and this case is dismissed.  Defendant's motion to vacate, Filing No. 163, is denied.  The Clerk shall serve a copy of this Dismissal Order on the defendant at his last known address.

Dated this 24th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge